[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10836

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SONNY AUSTIN RAMDEO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80226-KAM-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Sonny Ramdeo appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that we incorrectly decided *United States v. Bryant*, 996 F.3d 1243, 1251-52 (11th Cir. 2021) (holding that district courts presented with compassionate release motions are bound by the Sentencing Commission's policy statement in U.S.S.G. 1B1.13 defining "extraordinary and compelling reasons"), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021), and that *Bryant* does not apply to his motion for compassionate release. Additionally, he contends that his medical conditions of morbid obesity, latent tuberculosis, and chronic bronchitis are extraordinary and compelling reasons that make him eligible for compassionate release in light of the COVID-19 pandemic, and that the district court abused its discretion by focusing the majority of its analysis on the seriousness of his crimes and the portion of his sentence that he had already served.

## I

Under the prior panel precedent rule, we are bound by prior published decisions that have not been overruled by the Supreme Court or by us sitting *en banc*. *See, e.g., United States v. Romo-Villalobos*, 674 F.3d 1246, 1251-52 (11th Cir. 2012). In *Bryant*, we held that the Sentencing Commission's definition of "extraordinary and

compelling reasons" that permit reduction of an incarcerated defendant's sentence are binding upon courts presented with motions under 18 U.S.C. § 3582(c)(1)(A). *Bryant*, 996 F.3d at 1251-52. We explained that Application Note 1(D), which allows the Director of the BOP to determine extraordinary and compelling reasons to reduce a defendant's sentence that fall outside the scope of the reasons in subdivisions (A) through (C), does not conflict with § 3582(c)(1)(A). *Id.* at 1263. We therefore concluded that while defendants may file § 3582(c)(1)(A) motions, district courts must still follow the extraordinary and compelling reasons set out by the BOP and may not independently determine what may constitute extraordinary and compelling reasons for reducing a defendant's sentence. *Id.* at 1264.

Mr. Ramdeo argues that we incorrectly decided *Bryant*, and notes that eight of our sister circuits disagree with our position. Whatever the merits of that argument, *Bryant* applies to Mr. Ramdeo's motion for compassionate release and constitutes binding precedent for us as a later panel. We note, as well, that the Supreme Court has denied certiorari in *Bryant*. In sum, the district court did not err when it applied § 1B1.13.

## II

We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *Bryant*, 996 F.3d at 1251. However, we review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908,

911 (11th Cir. 2021).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *Id.*  A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  In the context of compassionate release, the district court must consider the factors in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant a reduction in a defendant's sentence.  *Id.* § 3582(c)(1)(A)(i).

Among other factors, § 3553(a) requires that the sentence imposed reflect the seriousness of the offense and provide adequate deterrence to criminal conduct.   Where a consideration of the § 3553(a) factors is mandatory, the weight given to each factor is at the district court's discretion, and not all factors need be expressly discussed. *United States v. Kuhlman*, 711 F.3d 1321, 1326-27 (11th Cir. 2013).

As relevant here, § 3582(c)(1)(A) requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission.  As discussed earlier, § 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A), and states that extraordinary and compelling reasons exist if (among other things) the defendant is suffering from a

terminal illness or a serious physical or medical condition that sub-stantially diminishes his ability to provide self-care within the environment of prison and from which he is not expected to recover. *Id.*, comment. n.1(A). The policy statement in U.S.S.G. § 1B1.13 applies to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262.[1]

In *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021), we explained that an order granting or denying compassionate release under § 3582(c)(1)(A) based on the § 3553(a) factors must indicate that the district court has considered all applicable factors, in addition to whether a reduction or release would be consistent with U.S.S.G. § 1B1.13. *Id.* at 1184-85. Accordingly, a district court abuses its discretion when it decides a motion under 18 U.S.C. § 3582(c)(1)(A)(i) based on the § 3553(a) factors without providing enough analysis for meaningful appellate review, including what factors it relied upon, although it need not exhaustively analyze every factor in its order. *Id.*

Because all necessary conditions---support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement---must be satisfied, the

---

[1] The policy statement also requires that the defendant not be a danger to others or to the community, *see* § 1B1.13(2), but that requirement is not at issue here.

absence of one condition forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38, 1240 (11th Cir. 2021). Thus, if the district court finds that one of the compassionate release conditions was not satisfied, it is not an abuse of discretion for it to skip assessment of another condition. *Id.* Furthermore, nothing on the face of § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order. *Id.* at 1237.

The district court concluded that Mr. Ramdeo's medical conditions—obesity (with a BMI of 42.7), hypertension, prediabetes, latent TB, chronic bronchitis, daily struggles with coughing, and anxiety—and the risk of contracting COVID did not constitute extraordinary and compelling reasons for a sentence reduction. The court cited to § 1B1.13 of the Sentencing Guidelines and explained that the policy statement limited extraordinary and compelling reasons to situations where medical conditions were terminal or diminished the defendant's ability to provide self-care.

Given our decision in *Bryant*, we cannot say that the district court abused its discretion. We accept that Ramdeo's medical conditions are serious, but even taken collectively they did not diminish his ability to provide self-care while incarcerated as required by the Sentencing Commission's policy statement. *See* § 1B1.13, comment. n.1(A). The conditions therefore did not constitute extraordinary and compelling reasons for a sentence reduction.[2]

_____

[2] Because we affirm the district court's determination that Mr. Ramdeo did not show extraordinary and compelling reasons for a sentence reduction, we

### III

We affirm the denial of Mr. Ramdeo's motion for compassionate release.

**AFFIRMED.**

---

need not address his argument that the district court misapplied the § 3553(a) sentencing factors. *See Tinker*, 14 F.4th at 1237-38.